**FILED**

**October 29, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0332** (Braxton County 19-F-80)

**Joshua Dale Cutright,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Joshua Dale Cutright, by counsel Jonathan Fittro, appeals the March 28, 2020, order of the Circuit Court of Braxton County that sentenced him for his conviction on one count of conspiracy to commit possession with intent to deliver methamphetamine, and one count of possession with intent to deliver methamphetamine. Respondent State of West Virginia, by counsel Patrick Morrisey and Holly M. Flanigan, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 9, 2019, a Braxton County grand jury indicted petitioner and his co-defendant, Daisy May Hall ("Ms. Hall"), on four counts: (1) conspiracy to commit possession with intent to deliver methamphetamine in violation of West Virginia Code § 60A-4-414(a); (2) conspiracy to commit possession with intent to deliver marijuana in violation of West Virginia Code § 61-10-31; (3) possession with intent to deliver marijuana in violation of West Virginia Code § 60A-4-401(a)(ii); and (4) possession with intent to deliver methamphetamine in violation of West Virginia Code § 60A-4-401(a)(ii). Petitioner pled not guilty to all four counts.

At petitioner's January 15, 2020, jury trial, the State, in its opening twice stated that Ms. Hall was petitioner's "girlfriend." Petitioner's counsel did not object to either statement.

1

During the State's case-in-chief, it called Braxton County Deputy Sheriff Cleve Westfall (the "deputy"). The deputy testified that on June 29, 2018, he came upon a car parked in a prohibited area. He said that he approached the car to ask its occupants, a man and a woman, to move the car. Specifically, the deputy testified that, "I checked the parking lot out . . . I observed [petitioner] . . . and his *girlfriend* [Ms. Hall] sitting in a vehicle." (Emphasis added.) Petitioner's counsel objected to the deputy's characterization of Ms. Hall as petitioner's girlfriend stating that "There's been no evidence laid to support that allegation." The circuit court sustained the objection. The deputy then testified that he asked petitioner for identification, but petitioner refused to provide any identification and argued with the deputy. The deputy said he then told petitioner and Ms. Hall to exit the car. The deputy testified that he handcuffed petitioner for officer safety purposes and then walked around the car to Ms. Hall, where he smelled marijuana. The deputy said that when he asked Ms. Hall if there were any illegal substances in the car, petitioner "broke out in a sweat" and "got nervous[,]" but that neither petitioner nor Ms. Hall replied. The deputy said that he searched the car and found (1) a substance that field tested as methamphetamine, (2) a set of scales containing a residue that field tested as methamphetamine, (3) several small baggies, (4) a tin containing what appeared to be marijuana, and (5) a loaded needle. The deputy testified that even though he found only a small amount of methamphetamine, the presence of the scale and multiple baggies indicated that petitioner was selling the methamphetamine. Finally, the deputy testified that because neither Ms. Hall nor petitioner took responsibility for the drugs, he believed that both were involved with the drugs. The deputy then produced the seized items along with the photographs of those items, all of which were admitted into evidence.

On cross-examination, petitioner's counsel elicited testimony from the deputy that (1) the quantity of drugs in the car was consistent with what a drug user would possess; (2) a person using drugs would be nervous if a police officer appeared; and (3) he did not field test the material that he believed to be marijuana.

The State's second and final witness, Rebecca Harrison, who works for the West Virginia State Police, was qualified as an expert in forensic analysis. Ms. Harrison testified that she was unable to test the substance that Deputy Westfall believed to be marijuana because it weighed less than fifteen grams. She further testified that her preliminary tests on the other substance Deputy Westfall found in the car indicated that it was an amphetamine, and that a second test – a gas chromatograph mass spectrometer test – confirmed that the substance was methamphetamine.

Following the close of petitioner's case-in-chief, petitioner moved for a judgment of acquittal on all four counts. Regarding the conspiracy counts, Counts 1 and 2, petitioner argued that the only evidence of a conspiracy between himself and Ms. Hall was that they were together in the car. As for Count 3, possession with intent to deliver marijuana, petitioner argued that (1) given the small quantity of alleged marijuana found in the car, the jury could not draw any inference regarding the charge of possession with intent to deliver; (2) baggies would not be used for marijuana; and (3) no forensic testing was performed on the alleged marijuana. Petitioner therefore concluded that the only evidence that the substance was marijuana was Deputy Westfall's testimony that the substance smelled and looked like marijuana. As for Count 3 (possession with intent to deliver marijuana) and Count 4 (possession with intent to deliver methamphetamine), petitioner argued that there was no evidence linking him to the car he was found in at the time of his arrest. He also argued that there was no evidence linking him to the drugs which were found

2

on the passenger side of the car where Ms. Hall was seated. Petitioner argued that, because the drugs were found closer to Ms. Hall, it was more likely that she possessed the drugs. Petitioner also argued that the State failed to produce any evidence of a boyfriend-girlfriend relationship between himself and Ms. Hall. Finally, petitioner pointed out non-drug-related reasons why the scale and the baggies were found in the car.

Regarding Counts 2 and 3 (respectively charging conspiracy and intent to deliver marijuana), the State acknowledged that the alleged marijuana was not tested but argued that Deputy Westfall had been trained by the State Police to identify marijuana. As for Counts 1 and 4 (charging conspiracy and intent to deliver methamphetamine), the State argued that the evidence established a prima facie case for the jury to resolve.

The circuit court granted petitioner's motion for acquittal on Counts 2 and 3 (the marijuana counts) finding the evidence was insufficient to submit to a jury. However, the court denied petitioner's motion for acquittal on counts 1 and 4 (the methamphetamine counts).

Petitioner did not present any witnesses at trial.

The jury found petitioner guilty on Counts 1 (conspiracy to deliver methamphetamine) and 4 (intent to deliver methamphetamine). The circuit court asked petitioner to file any post-trial motions within ten days of his January 15, 2020, trial date. However, petitioner did not file his motions until February 25, 2020, one day before his February 26, 2020, sentencing hearing. Specifically, petitioner filed (1) a motion for a new trial or a directed verdict, and (2) a motion for a judgment of acquittal based on the State's two assertions during its opening statement that Ms. Hall was petitioner's "girlfriend." Petitioner argued that those assertions were prejudicial and impaired his right to a fair trial because they created a connection between himself and Ms. Hall in the minds of the jurors.

At petitioner's sentencing hearing, the State pointed out that petitioner's motion for a new trial or a directed verdict was untimely; however, the circuit court denied the motion on other grounds. As for petitioner's motion for a judgment of acquittal, the court noted that petitioner did not object to the State's opening comments suggesting that Ms. Hall was petitioner's girlfriend. The court found that "the fact that the State made an opening statement that indicated [Ms.] Hall was the girlfriend of [petitioner] was not so prejudicial as to prejudice the jury against [petitioner]." Thus, the court denied petitioner's motion for a judgment of acquittal finding that counsel can "make objections during openings and closings," but petitioner's counsel failed to do so.

Thereafter, the circuit court sentenced petitioner to two consecutive terms of imprisonment: (1) not less than two nor more than ten years in prison on Count 1, and (2) not less than one nor more than five years in prison on Count 4. The circuit court then ran the sentences concurrent to terms of imprisonment imposed upon petitioner by the Circuit Court of Upshur County in another matter. However, on September 17, 2020, the circuit court resentenced petitioner and changed the sentence for Count 1 to a determinate sentence of five years. The court also resentenced petitioner on Count 4; however, the term remained the same, i.e., not less than one nor more than five years in prison. The court again ran the sentences consecutive to one another, and concurrent to the sentence imposed by the Circuit Court of Upshur County.

3

Petitioner now appeals and raises two assignments of error. Petitioner first argues that the circuit court erred in failing to grant his motion for a judgment of acquittal because the State failed to present sufficient evidence from which a jury could have found guilt beyond a reasonable doubt on both counts. "The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence. *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011).

Petitioner argues as follows: Deputy Westfall said petitioner was acting nervous when he was found in the car with Ms. Hall; however, petitioner contends that a person using drugs, as opposed to selling drugs, would be nervous if the police appeared. Deputy Westfall admitted that the quantity of drugs found in the car was consistent with what a drug user would possess. Deputy Westfall further admitted that he charged petitioner and Ms. Hall with conspiracy only because neither took responsibility for the drugs in the car. Petitioner contends that this evidence was insufficient to support a jury finding of guilt beyond a reasonable doubt. Petitioner highlights that he was in the driver's seat, yet the drugs were found in the passenger seat door, and there was no evidence connecting him to the car other than the fact that he was in it. Petitioner concedes that the jury could have inferred that the drugs found in the car were evidence of possession with intent to deliver but avers there was no evidence connecting him to the car or the drugs found therein. Petitioner concludes that even if the evidence is construed in favor of the State, it was insufficient to support his conviction. Petitioner contends that, based on the evidence, the most reasonable inference would be that Ms. Hall possessed the drugs. Petitioner adds that the jury was not instructed nor did the State seek an instruction on aiding and abetting. Petitioner concludes that because the evidence was not sufficient to support his convictions on Counts 1 and 4 of the indictment, they should be set aside.

We disagree and find that the circuit court did not err in denying petitioner's motion for a judgment of acquittal. "[A] defendant faces an "uphill climb" when he challenges the sufficiency of the evidence[.]" *State v. Scott*, 206 W. Va. 158, 167, 522 S.E.2d 626, 635 (1999) (quoting *State v. LaRock*, 196 W.Va. 294, 303, 470 S.E.2d 613, 622 (1996)). Moreover, "[w]hen considering sufficiency-of-the-evidence claims, this Court's review is highly deferential to the jury's verdict." *State v. Thompson*, 240 W. Va. 406, 414, 813 S.E.2d 59, 67 (2018).

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Further, "[w]hen a criminal defendant undertakes a sufficiency challenge, all the evidence, direct and circumstantial, must be viewed from the prosecutor's coign of vantage, and the viewer must accept all reasonable inferences from it that are consistent with the verdict." Syl. Pt. 2, in part, *LaRock*, 196 W. Va. at

294, 460 S.E.2d at 613. "This rule requires the trial court judge to resolve all evidentiary conflicts and credibility questions in the prosecution's favor; moreover, as among competing inferences of which two or more are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt." *Id.* at 304, 470 S.E.2d at 623.

Petitioner was convicted of violating West Virginia Code § 60A-4-401(a)(ii) (Count 4). That section provides:

> (a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:
> (i) . . . .
> (ii) Any other controlled substance classified in Schedule I, II, or III is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than five years, or fined not more than $15,000, or both fined and imprisoned[.]

*Id*.

Methamphetamine is a Schedule II narcotic. W. Va. Code § 60A-2-206(d). Petitioner was also convicted of violating West Virginia Code § 60A-4-414(a) (Count 1) which provides, in part, that "[a]ny person who willfully conspires with one or more persons to commit a felony violation of section four hundred one of this article, if one or more of such persons does any act to effect the object of the conspiracy, is guilty of a felony . . . ." "[A] conspiracy occurs when two or more persons conspire or agree to commit an offense against the State of West Virginia and some overt act is taken by one or more such persons in furtherance of the object of the conspiracy." *State v. Rogers*, 215 W. Va. 499, 502, 600 S.E.2d 211, 214 (2004). "The agreement to commit an offense is the essential element of the crime of conspiracy—it is the conduct prohibited by the statute. The agreement may be inferred from the words and actions of the conspirators, or other circumstantial evidence . . . ." *State v. Less*, 170 W. Va. 259, 265, 294 S.E.2d 62, 67 (1981). "A tacit understanding between the parties to cooperate in an illegal course of conduct will warrant a conviction for conspiracy." *State v. Burd*, 187 W. Va. 415, 420, 419 S.E2d 676, 681 (1991) (citations omitted).

Deputy Westfall testified at trial as follows: He sighted a car parked in an improper manner. He found petitioner in the car with Ms. Hall. Petitioner refused to produce his driver's license and argued with him. He smelled marijuana on Ms. Hall and asked if any illegal substances were in the car. Petitioner "broke out in a sweat" and "got nervous." He found a scale, baggies, and what appeared to be drugs. One of those substances was later forensically identified as methamphetamine and methamphetamine was found on the scale. He further testified that drug users "don't have scales and they don't have baggies." He explained that he charged petitioner and Ms. Hall with conspiracy to possess methamphetamine with the intent to deliver that drug based on their reactions when he confronted them with the drug, and because neither petitioner nor Ms. Hall claimed responsibility for the drug. Rebecca Harrison testified that the gas chromatograph mass spectrometer test confirmed that the substance found in the car was methamphetamine.

This evidence satisfied the elements of the crimes charged. Moreover, the jury clearly rejected petitioner's arguments that he was guilty only of possession given that they found him guilty of possession with intent to deliver methamphetamine. The jury also clearly rejected petitioner's argument that there was no evidence that he conspired with Ms. Hall to commit the offense of possession with intent to deliver. Weighing evidence is the exclusive function of the trier of fact. *Guthrie*, 194 W. Va. at 669, 461 S.E.2d at 175. Here, the jury weighed the evidence and found petitioner guilty of Counts 1 and 4 beyond a reasonable doubt. Accordingly, we find that the circuit court did not err in denying petitioner's motion for a judgment of acquittal.

In his second assignment of error, petitioner argues that the circuit court erred in failing to grant his motion for a new trial on the grounds that the State prejudiced the jury by alleging that petitioner's co-conspirator was his girlfriend, and by failing to produce any evidence in support of this allegation. We review a circuit court's ruling on a motion for a new trial under an abuse of discretion standard. Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 434 (2000).

Petitioner contends that the State presented no evidence of any connection between petitioner and Ms. Hall, nevertheless both the State in its opening and Deputy Westfall during his testimony referred to Ms. Hall as petitioner's girlfriend. Petitioner contends that (1) the "girlfriend" references unfairly prejudiced him because it created a connection between petitioner and Ms. Hall in the minds of the jurors; (2) it is highly unlikely that the jury gave the alleged romantic connection no weight; and (3) if the "girlfriend" comments had not been made, it is possible that petitioner would not have been convicted. Thus, petitioner avers that the circuit court abused its discretion in denying his motion for a new trial.

As noted above, in its opening statement, the State twice described Ms. Hall as petitioner's girlfriend. Petitioner did not object to either comment. However, petitioner did object when Deputy Westfall testified that he "observed the defendant . . . and his girlfriend sitting in a vehicle." Specifically, petitioner's counsel said, "I object to the deputy's characterization of the person's girlfriend. There's been no evidence laid to support that allegation." In so doing, petitioner notified the jury that there was no evidence of a girlfriend-boyfriend link between petitioner and Ms. Hall. Thereafter, at the close of the State's case-in-chief, petitioner moved for a judgment of acquittal claiming that the State failed to establish a relationship between petitioner and Ms. Hall and, thus, failed to prove that the drugs were in his possession. The trial court denied that motion. finding that "while the State did make an opening statement and did refer to [Ms. Hall] as being [petitioner's] girlfriend, the [c]ourt does not believe that it was so prejudicial that it prejudiced the jury against [petitioner]."

This Court has explained that the "raise or waive" rule prevents a party from "making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error[.]" *LaRock*, 196 W. Va. at 316, 470 S.E.2d at 635. That is what petitioner is doing here. He lost at trial, so he is now using the State's reference to Ms. Hall as petitioner's girlfriend as an argument for the reversal of his conviction.

The abuse of discretion standard, which applies to this assignment of error, is highly deferential. *Tennant v. Marion Health Care Found., Inc.*, 194 W Va. 97, 106, 459 S.E.2d 374, 383 (1995). Such a "standard is not appellant friendly[.]" *LaRock*, 196 W. Va. at 306, 470 S.E.2d at

6

625. Petitioner cannot overcome that deferential standard. Even if we assume that the State's comments that Ms. Hall was petitioner's girlfriend were improper, "[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. Pt. 5, *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995) (finding the State's closing was proper when it suggested a plausible inference from the evidence). To constitute reversible error the comments must "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 405, 456 S.E.2d at 486 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Here, the State's brief comments that Ms. Hall was petitioner's girlfriend did not so infect petitioner's trial with unfairness as to make his conviction a denial of due process.

Finally, and as noted above, petitioner's counsel responded to the deputy's testimony by stating: "I object to the deputy's characterization of the person's girlfriend. There's been no evidence laid to support that allegation." The trial court sustained that objection. Thus, the jury was informed that there was no evidence that Ms. Hall was petitioner's girlfriend. Therefore, we find that the trial court did not err in denying relief on this ground.

Accordingly, for the foregoing reasons, we affirm the circuit court's March 28, 2020, sentencing order.

Affirmed.

**ISSUED:** October 29, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton

Wooton, J., dissenting:

I disagree with the majority's affirmance of this case in a memorandum decision and would have set it for oral argument to thoroughly address petitioner's primary argument that the circuit court erred in denying his motion for judgment of acquittal. Petitioner argues that the State failed to present sufficient evidence from which a jury could have found him guilty beyond a reasonable doubt on both counts – conspiracy to commit possession with intent to deliver methamphetamine and intent to deliver methamphetamine. Because I question whether the evidence offered by the State to support the convictions was sufficient to convict petitioner, I dissent.

This Court's review of a sufficiency-of-the evidence challenge is "highly deferential to the

jury's verdict[,]" *State v. Thompson*, 240 W. Va. 406, 414, 813 S.E.2d 59, 67 (2018). However, the State's evidence in this case consisted only of a small amount of methamphetamine, a scale, multiple baggies, and a loaded needle. The State argued that the presence of this evidence, together with petitioner's display of nervous and argumentative behavior during the police encounter, was sufficient to prove intent to distribute methamphetamine beyond a reasonable doubt. The officer admitted that the quantity of drugs found in the car was consistent with what a drug user would possess. These facts simply do not appear to be sufficient evidence of possession with intent to deliver methamphetamine.

Further, the only evidence of any conspiracy was the presence of woman who was sitting in the passenger seat inside the car. The officer admitted that he charged petitioner and his passenger with conspiracy only because neither took responsibility for the drugs in the car. As the majority states in the memorandum decision, "a conspiracy occurs when two or more persons *conspire or agree to commit an offense* against the State of West Virginia and some overt act is taken by one or more such persons in furtherance of the object of the conspiracy." *State v. Rogers*, 215 W. Va. 499, 502, 600 S.E.2d 211, 214 (2004) (emphasis added).  I am troubled by the lack of evidence of an agreement to commit an offense, which was needed for the conspiracy conviction.

For all the foregoing reasons, I respectfully dissent.